```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
     vs.                       )  NO.   08 CR 0106
                               )
RAYMIE HENDERSON,              )  JUDGE JAMES B. MORAN
NOWELL PATRICK LANDO and       )
AUGUSTUS WRIGHT,               )
                               )
          Defendants.          )
```

**DEFENDANT HENDERSON'S MOTION TO DISMISS**
**COUNT I AS UNTIMELY**

**NOW COMES** the defendant, **RAYMIE HENDERSON,** by and through his attorney, ROBERT HABIB, and moves to dismiss Count I, pursuant to Federal Rule of Criminal Procedure 12(b), as the applicable five (5) year statute of limitation for money laundering expired before the Government indicted the defendants, and in support thereof, states as follows:

1.  RAYMIE HENDERSON adopts the Motion to Dismiss Count I of The Indictment because the Applicable Statute of Limitation for the Offense of Money Laundering expired before the Government Indicted the Defendants, a copy of which is attached as Exhibit A.

2.  That RAYMIE HENDERSON had purchased the property at 10951 South Michigan, Chicago, Illinois from SHERWIN REAL ESTATE, on November 13, 2001, for TEN THOUSAND AND NO/100'S ($10,000.00) DOLLARS.  A copy of the contract is attached as Exhibit B of this Motion.

3.  That on about May 28, 2002, HENDERSON conveyed the property to AUGUSTUS WRIGHT, pursuant to a Quitclaim Deed received October 18, 2002, as Document Number 0021144580.  See Exhibit C.

4.  That subsequently, it was realized by counsel that HENDERSON had never recorded his title to the property received from SHERWIN REAL ESTATE.

5.  As set forth in the Affidavit of MATTHEW FLAMM, which is attached to the WRIGHT Motion to Dismiss, HENDERSON was asked to obtain a new deed from SHERWIN BROTHERS which he did on November 25, 2002, which was recorded on December 3, 2002.

6.  At CHRIS MARTIN'S request, HENDERSON executed a new Quitclaim Deed on February 7, 2003, which conveyed the property to WRIGHT.

7.  As is clear from the above described transaction,and the doctrine of after-acquired property, WRIGHT was the owner of the property at 10951 South Michigan, Chicago, Illinois, from May 28, 2002 onward.

2

8.  As set forth in *U.S. v. Ben Zvi*, 242 F.3d 89 (2nd Cir. 2001) at 98:

> A conspiracy continues until the conspirators receive their anticipated economic benefits . . . the knowing receipt of which by the defendant and the co-conspirators constitute overt acts in furtherance of the conspiracy."

9.  In *U.S. v. Hitt*, 249 f.3D 1010 (D.C. Cir. 2001), the defendant was charged in the Indictment with conspiracy to deceive the UNITED STATES, in application for export licenses for machinery tools for aircraft parts, as to sales to China.

10.  The Government's Indictment stated that the defendant's employer, along with the Chinese, entered into a contract, and submitted false export license applications to the Department of Commerce on May 26, 1994. The export licenses were granted on September 14, 1994. The machine tools were shipped in March 1995.

On October 19, 1999 the Indictment charged a conspiracy against HITT and others as to their acquiring the export licenses.

HITT moved to dismiss on the grounds that the last overt act was September 14, 1994, where the export licenses were acquired, which made the October 19, 1999 Indictment untimely.

3

The Government argued that since the Indictment read that the tools were not shipped until March 1995, so as to realize to the economic benefit to the conspirators, the Indictment was timely.

The Courts agreed with the defendant that the conspiracy was to obtain export licenses, (as to HITT), thereby holding that the last act was the September 14, 1994 issuance of the export licenses, even though the tools, along with payment, was not received until March 1995, which would have been within the five (5) year statute of limitations.

The Court of Appeals held that the overt acts (shipping the tools) did not extend the scope of the conspiracy into the statutory period, unless the acts were committed in furtherance of the alleged conspirators' common goals. *Hitt*, SUPRA P. 1023.

11. In the Indictment against defendants HENDERSON and WRIGHT, if the property at 10957 South Michigan was to be transferred to WRIGHT for the benefit of Individual A, this was completed by May 28, 2002, under Illinois law when Wright became the owner of the property.

As in *U.S. v. Hitt*, supra, the conspiracy was complete, and its goals accomplished when WRIGHT

4

supposedly, for the benefit of Individual A, acquired the property.

Clearly, then the Indictment filed February 7, 2008 is untimely.

**WHEREFORE,** the defendant, RAYMIE HENDERSON prays that the Motion to Dismiss be granted.


/S/ ROBERT HABIB



ROBERT HABIB
ATTORNEY FOR DEFENDANT,
　HENDERSON
77 West Washington Street
Suite 411
Chicago, Illinois  60602
(312) 201-1421
Attorney #3128545