M HW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 08 CR 106 |
| ) | |
| RAYMIE HENDERSON, NOWELL PATRICK ) | |
| LANDO and AUGUSTUS WRIGHT, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

In this three-defendant indictment, defendant Wright has filed 16 motions that can best be characterized as "protect the record" motions, and a motion to dismiss that has been extensively briefed. We deal first with the 16 motions.

    1:   *Motions for Disclosure of Impeaching and Otherwise Exculpatory Information*
  12:  *Motion for Continuing Disclosure of Favorable Evidence*

The government agrees that it has Brady and Giglio obligations and will comply. The motions are denied as moot.

    2:   *Motion for Pretrial Production of Jencks Act Material*
    9:   *Motion for Disclosure of Grand Jury Proceedings*

This court cannot order the government to produce Jencks Act material except as provided by 18 U.S.C. §3500, and therefore must deny the motions. The government has, however, produced some transcripts and has agreed to produce others. The court urges the government to produce as much as possible well prior to trial, as that will minimize trial delay.

    3:   *Motion to Require Government to Make a Santiago Proffer Statement*

The government has agreed to provide its Santiago proffer one month prior to trial. The motion is therefore denied as moot.

4:     *Motion for Discovery and Preservation of Agent's Notes*

The government agrees to instruct its agents to preserve any existing written notes. The motion is therefore denied as moot.

5:     *Motion for Production of Informants*
10:    *Motion Compelling Immediate Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment*

The government agrees to provide information a month before trial regarding cooperating witnesses and any promises made to them. The motions are therefore denied as moot.

6:     *Motion for Bill of Particulars*

We see no need for a bill of particulars, given that the indictment spells out the charged conduct and is supplemented by discovery well beyond that required. The motion is denied.

7:     *Motion for Pretrial List of Witnesses*

The government agrees to provide the names of witnesses it intends to call at trial. We suggest that it do so to the extent known a month prior to trial, with updates thereafter, as necessary, and that it advise defendant of the order in which they will testify at least a day prior to their testimony. We deny the motion to the extent it requires a listing of witnesses the government does not intend to call, subject of course to <u>Brady</u> obligations.

8:     *Motion to Require Government to Give Immediate Notice of Its Intention to Use Evidence of Other Crimes*

The government agrees to provide, a month before trial, a notice of all Rule 404(b) evidence it then intends to introduce, with leave to supplement thereafter as circumstances may change. The motion is therefore denied as moot.

11:    *Motion Reserving the Right to File Supporting Memorandums and/or Additional Motions*

16:    *Motion for Leave to File Additional Pretrial and Trial Motions*

While this court will always entertain a motion that is tardy but for a good reason, we will not authorize an open-ended continuation of the motion schedule. The motions are denied.

13:    *Motion for Order Requiring Disclosure of Expert Testimony*

The government agrees to comply with the procedures required, if it should decide to call an expert witness. The motion is therefore denied as moot.

14:    *Motion to Adopt Motions of Co-Defendants*

The motion is granted, while noting that no such co-defendant motions have been filed.

15:    *Motion for Return on Trial Subpoenas and Issuance Thereof in Forma Pauperis*

The motion is granted. The government is also entitled to obtain early return of its trial subpoenas.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

May 30, 2008.